UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division
Case No.: 5:25-cv-00098-D

| | |
|---|---|
| COREY COLEY, JR. | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM IN OPPOSITION OF DEFENDANT'S MOTION TO STRIKE OR DISREGARD THE MAXCY DECLARATION AND ESPN ARTICLE SUBMITTED WITH PLAINTIFF'S REPLY BRIEF

The Plaintiff, Corey Coley, Jr. (herein "Plaintiff" and/or "Coley") respectfully submits this Memorandum in Opposition to the Defendant's (herein "Defendant" and/or "NCAA") Motion to Strike or disregard Maxcy's declaration and ESPN Article submitted with Plaintiff's Reply Brief. [D.E. 19]. While the Defendant attempts to paint the Declaration of Joel Maxcy [D.E. 18-1] and the ESPN Article [D.E. 18-2] in one broad stroke, as "new" arguments and/or evidence, it has turned a blind eye to the assertions in Plaintiff's Complaint, Memorandum in Support of Plaintiff's Motion for Preliminary Injunction and Defendant's own response to Plaintiff's Memorandum in Support of Preliminary Injunction. The Defendant's attempt to justify its position is abstract at best and does not warrant this Court finding that the Plaintiff has violated Local Rule 7.1(g)(1) or allowing the Defendant to file a sur-reply brief.

### ARGUMENT

I. **Legal Standard for Reply, Sur-Reply Brief.**

Local Civil Rule 7.1(g)(1) governs the manner and method of replying to a responsive brief. When a party replies to a responsive brief, it must tailor its reply to matters initially raised in a response to a motion. Local Civil Rule 7.1(g)(1). Pursuant to the Local Rules, replies to responses are intended to allow a party to respond to matters raised in response to a motion, not to allow parties to raise *new* arguments. Local Civil Rule 7.1(f)(1), *Yelverton v. Edmundson*, No. 5:15-CV-134-F, 2016 WL 7665543, at *5

(E.D.N.C. Sept. 9, 2016). The rationale behind not considering new arguments in a reply is to avoid prejudice to the party who is not afforded a chance to respond to the new argument. *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), aff'd in part sub nom. *E.E.O.C. v. Freeman*, 778 F.3d 463 (4th Cir. 2015). However, a replying party is entitled to respond to a responding party's contentions. *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010). It is equally important to note that even if a court were to find that an argument was newly raised, the power to decline consideration of said argument is discretionary, and courts are not precluded from considering new arguments in appropriate circumstances. *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). There is nothing new that is raised within Plaintiff's Reply, and instead, Maxcy's Declaration, and the ESPN article at issue, directly relate to the contentions and arguments submitted by the Defendant. There can be no debate that the Defendant has fully addressed, or at least had the opportunity to fully address, the matters and/or opinions in Maxcy's declaration given it directly relates to the arguments "initially raised" by the Defendant in its response to Plaintiff's Motion for Preliminary Injunction.

II. **Plaintiffs' arguments, and declarations supporting the same, are responsive to arguments and/or contentions raised by the Defendant.**

Without citing to a specific rule relied upon in filing the present Motion to Strike, the Defendant contends, in a general and broad brushed fashion, that the Declaration of Joel Maxcy ([D.E. 18-1] and the November 7, 2024 ESPN article [D.E. 18-2] submitted with Plaintiff's Reply Memorandum in Support of the Motion for Preliminary Injunction are "new" evidence that should not be considered by the Court. [D.E. 19]. The Defendant goes on to argue that permitting the Plaintiff to now offer economic analysis with his reply brief would be improper "rebuttal" evidence. [D.E. 20, pp. 1-2]. To support this proposition, the Defendant relies upon *Allen v. Prince George's County, Maryland*, 737 F.2d 1299 (4th Cir. 1984) and *United States v. Stitt*, 250 F.3d 878 (4th Cir. 2001), neither of which have any relevance to the present matter before the Court. Instead, both cases dealt with each appellant's attempt, during trial, to introduce rebuttal evidence. Clearly, that is not the issue before this Court.

Despite the Defendant's failure to specify the grounds under which it has filed the present Motion

to Strike, courts have made clear, in this particular circumstance, a motion to strike is improper. *See Wall Recycling, LLC v. 3TEK Global, LLC*, 588 F. Supp. 3d 647, 658 n. 10 (M.D.N.C. 2022) ("Technically, the court does not strike declarations, as motions to strike are directed to pleadings."). Accordingly, the Court's remedy, if granted, would be to disregard the declaration at issue when ruling on the Plaintiff's Motion for Preliminary Injunction. *See Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enterprises, Inc.*, 694 F. Supp. 3d 625, 650 (M.D.N.C. 2023). "By its plain terms, Rule 12(f) applies to "pleadings" such as a complaint or answer, not to summary judgment exhibits or reply briefs. *Webb v. Butler*, No. 5:18-CT-3127-FL, 2021 WL 10364882, at *3 (E.D.N.C. Sept. 14, 2021), *aff'd*, No. 21-7441, 2023 WL 2597604 (4th Cir. Mar. 22, 2023) *citing* Fed. R. Civ. P. 12(f); *see also Escander v. McCarthy*, No. 5:20-CV-589-BR, 2021 WL 1298923, at *1 (E.D.N.C. Apr. 7, 2021).

Even assuming the Defendant's motion to strike was proper, they are "generally disfavored," *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *Thornhill v. Aylor*, No. 3:15-CV-00024, 2016 WL 258645, at *2 (W.D. Va. Jan. 20, 2016), "and should be limited to instances when the material has no relevance to the subject matter of the case." *See Sec. & Exch. Comm'n v. Perkins*, No. 5:19-CV-0243-BR, 2020 WL 4805435, at *2 (E.D.N.C. Aug. 18, 2020). Such motions are disfavored because they are a "drastic remedy and because they are often sought by the movant simply as a dilatory tactic. *Atl. Diving Supply, Inc. v. Basnight*, No. 2:22CV298, 2022 WL 18635840, at *3 (E.D. Va. Aug. 25, 2022) *citing Waste Mgmt. Holdings, Inc.*, 252 F.3d at 347.

Fed. R. Civ. P. 6 only requires that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). The rule does not, however, address, or appear to contemplate, the filing of reply declarations. *Democracy N. Carolina v. N. Carolina State Bd. of Elections*, No. 1:20CV457, 2020 WL 4288103, at *5 (M.D.N.C. July 27, 2020). Rule 6(c)(2) "does not preclude affidavits supporting a reply brief when they respond to evidence supporting an opposition brief." *Id. citing Robinson v. Empire Equity Grp., Inc.*, No. WDQ-09-1603, 2009 WL 4018560, at *2 & n.14 (D. Md. Nov. 18, 2009). "Reply affidavits that directly respond to arguments in a response brief are permitted." *Webb*, supra at *8 *citing* Fed. R. Civ. P. 6(c)(2) (providing opposing affidavits may be filed at any time permitted by the court; *see also*

*Amazon.com, Inc. v. WDC Holdings LLC*, ––– F. App'x ––––, 2021 WL 3878403, at *3 n.1 (4th Cir. Aug 31, 2021) (noting "Rule 6(c)(2) 'does not preclude affidavits supporting a reply brief when they respond to evidence supporting an opposition brief' " (quoting *Robinson v. Empire Equity Grp., Inc.*, No. CIV.WDQ-09-1603, 2009 WL 4018560, at *2 (D. Md. Nov. 18, 2009))). "In other words, affidavits may accompany a reply brief if they support the reply rather than the original motion." *Democracy N. Carolina,* 2020 WL at *5. Reply affidavits should not present new issues to which the opposing party will not have an opportunity to respond. *Id.* (citations omitted).

Here, the Defendant argues that Maxcy's Declaration and corresponding ESPN Article does not reply to anything raised in the Defendant's response, and instead, characterizes each as "new" arguments and/or evidence. This contention is patently false. First, as evidenced by the Plaintiff's own Memorandum in Support of the Motion for Preliminary Injunction, the Plaintiff argued that the NCAA's Rules limiting eligibility to participate in football are commercial in nature. [D.E. 9, pp. 12-14]. The Plaintiff further emphasized that given the holdings in *Alston*, *Pavia, Ohio, Tennessee* and *Fourqurean*, the NCAA's arbitrary definition of what constitutes a "season" and the evidence presented by the Plaintiff, it cannot seriously be debated that the Challenged Rules unreasonably restrain and harm competition for those like Coley. [*Id*. at 16-19].

In response, the Defendant contends that "Plaintiff cannot demonstrate that the Challenged Rules are anticompetitive because Plaintiff alleges harm only to himself… and to another player." [D.E. 17, p. 17]. The Defendant further contends that "Plaintiff has not alleged facts showing any market-wide impact of the NCAA's Challenged Rules and his motion should be denied on that basis." [*Id.*] Relying upon a Declaration submitted by the NCAA, it further contends that "[t]o establish market-wide anticompetitive effects, Plaintiff must show that the Challenged Rules led to reductions in total student-athlete compensation, fewer opportunities for participation, or lower quality." [*Id*.] The Defendant goes on to argue that none of Plaintiff's "supporting declarations establishes that the Challenged Rules lessen total benefits student-athletes receive from schools, including tuition, cost of attendance, etc.; reduce the total number of intercollegiate competition opportunities or participation; or reduce the quality of offerings in the alleged

market. [D.E. 17, p. 19]. Relying again on its submitted Declaration of Murry, the Defendant argues that the "Challenged Rules establish which athletes are eligible for competition, but do not limit the price of student-athletes' labor," and instead, "expand output and opportunities by ensuring that participation opportunities are available to incoming students each year." [*Id.*].

The Plaintiff then submitted his Reply Memorandum in Support of the Motion for Preliminary Injunction, replying to these contentions "initially raised" by the Defendant in its response. Plaintiff's reply included the Declaration of Mr. Maxcy and the ESPN Article now at issue. As evidence by Mr. Maxcy's own declaration, he was retained "to address the commercial nature of the Challenged Rules, the anticompetitive nature of the Challenged Rules, the lack of any procompetitive justification for these Rules, and to assess the NCAA's formal response to the Plaintiff's Motion for injunctive relief." [D.E. 18-1, ¶ 16] (emphasis added). "I respond here to the commercial nature of the Challenged Rules, and the anticompetitive nature of the Challenged Rules, and the lack of any procompetitive justification for those Rules, as set forth in the NCAA's response." [*Id.* at ¶19] (emphasis added). Mr. Maxcy continues with a "Summary of the NCAA's previous and current arguments denying violation of the Sherman Act." [*Id.* at ¶¶28-32]. He even references the specific arguments made by the NCAA, and its expert, in their Memorandum in Opposition to the Preliminary Injunction [*Id.* at ¶¶ 30-31] and then in the subsequent sections "counters each of these arguments based on my understanding of the economic ramifications of antitrust law." [*Id.* at ¶32].

Undoubtedly, the Plaintiff was not precluded from responding to the contention "initially raised" by the Defendant that the Challenged Rules were not commercial in nature. Likewise, Plaintiff was permitted to submit Mr. Maxcy's declaration supporting his Reply to the Defendant's arguments and declarations supporting the same. *See Webb*, supra at *8.

The ESPN Article is no different. In its response, the NCAA self-proclaims on a number of occasions that the Challenged Rules "preserve intercollegiate athletics as a unique product distinct from professional sports." Furthermore, it contends that "if the challenged eligibility rules were enjoined or additional seasons of competition were mandated, collegiate football programs will have greater demand

for <u>more developed, experienced players, crowding out other student-athletes who would otherwise get the opportunity to replace those no longer eligible</u>. [D.E. 17, p. 21] (emphasis added). The NCAA, quoting its expert, went on to argue that "any increase in the length and tenure of certain student-athletes will crowd out opportunities for current and prospective student-athletes at Division I schools and one possible effect of eliminating the Challenged Rules would be <u>a concentration of experienced players with a considerable advantage over new student-athletes at certain schools</u>." [D.E. 17, p. 22] (emphasis added).

      Yet, as the ESPN article makes clear, these arguments are non-sensical. Effective August 1, 2025, Canadian Hockey League players will be eligible to play NCAA Division I hockey. As previous versions of the NCAA Manual make clear, "Ice hockey teams in the United States and Canada, classified by the Canadian Hockey Association as major junior teams, are considered *professional teams under NCAA legislation.*" (2018-19 NCAA Manual, § 12.2.3.2.4, p. 69) (emphasis added). It therefore stands to reason how the NCAA can contend these Challenged Rules enhance opportunities for younger/inexperienced student-athletes, yet in the same breath, allow "professionals," as deemed by the NCAA itself, to now be eligible to play NCAA Division I Hockey after playing "professionally" in the same sport. Clearly, the NCAA's position rings hollow given its most recent change, and for purposes of this present motion, there can be no doubt that the ESPN article is in direct response to the arguments made by the NCAA in its Memorandum in Opposition to the Preliminary Injunction, as addressed above.

      With respect to Defendant's request for an opportunity to file a sur-reply, this Court should only permit a party to contest matters presented to the court for the first time in the opposing party's reply. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), aff'd, 85 F. App'x 960 (4th Cir. 2004) ("Likewise, the matter of Plaintiff's *exhaustion of administrative remedies* was raised by Defendants in its original motion to dismiss . . . Plaintiff has already had ample opportunity to contest Defendants' challenge"). A court should not permit a sur-reply when arguments in a reply brief are merely responses to new arguments raised by a party in its response. *Gibbs v. Plain Green, LLC*, No. 3:17CV495, 2017 WL 7693141, at *3 (E.D. Va. Oct. 31, 2017). As discussed, Plaintiff's reply memorandum responded to Defendant's contention that, contrary to the previous holdings in *Alston and Pavia*, the Challenged Rules

are not commercial in nature. Clearly, these are not "new" arguments raised by the Plaintiff, but instead, address the issues raised by the Defendant in response to Plaintiff's Memorandum in Support of Preliminary Injunction.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Strike or Disregard Maxcy's Declaration and ESPN Article Submitted with Plaintiff's Reply Brief given that a Motion to Strike is not a proper method for challenging the Plaintiff's reply brief and accompanying submissions to the Court. Additionally, the Plaintiff's reply brief and supporting materials present questions of fact or law that the Court should respectfully consider in its determination of the Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted this the 25th day of April 2025.

**SHIPMAN & WRIGHT, LLP**
*Attorneys for Plaintiff*

/s/ James T. Moore
**GARY K. SHIPMAN**
N.C. State Bar No.: 9464
**JAMES T MOORE**
N.C. State Bar No.: 38377
**THOMAS R. HARVEY, III**
N.C. State Bar No.: 57308
575 Military Cutoff Road, Suite 106
Wilmington, NC 28405
Telephone: (910) 762-1990
Facsimile: (910) 762-6752
Email: gshipman@shipmanlaw.com
jmoore@shipmanlaw.com
tharvey@shipmanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 25th day of April 2025, I electronically filed the foregoing Memorandum in Opposition to the Defendant's Motion to Strike or Disregard the Maxcy Declaration and ESPN Article Submitted with Plaintiff's Reply Brief with the Clerk of the Court using CM/ECF system, and simultaneously served a copy of this Memorandum upon counsel for the Defendant.

This the 25th day of April, 2025.

**SHIPMAN & WRIGHT, LLP**
*Attorneys for Plaintiffs*

By: /s/ James T. Moore
**JAMES T. MOORE**
N.C. State Bar No.: 38377
575 Military Cutoff Road, Suite 106
Wilmington, NC 28405
Telephone: (910) 762-1990
Facsimile: (910) 762-6752
Email: jmoore@shipmanlaw.com